The petitioners, claimant's employer, General Electric Company (G.E.), and the employer's compensation carrier, Electric Mutual Liability Company (E.M.L.C.), have appealed from a decision of the workers' compensation review division. This decision had reversed the decision of the compensation commissioner in the fourth district and absolved respondent Second Injury and Compensation Assurance Fund (Second Injury Fund) from any liability. *Page 743 
The facts in this case are undisputed. The claimant, Philip Kramer, was injured on November 28, 1977. Disability commenced on December 14, 1977, whereupon he became eligible for compensation benefits from his employer's compensation carrier, E.M.L.C. On July 25, 1979, E.M.L.C. notified the Second Injury Fund that a claim was being made against the fund.[1] On October 17, 1979, the Second Injury Fund was given a copy of an approved voluntary agreement made between the claimant, his employer, G.E., and his employer's insurer, E.M.L.C. The agreement indicated that the claimant had suffered a compensable injury on November 28, 1977, which arose from the course of his employment with G.E. The Second Injury Fund denied that the letter of July 25, 1979 and the delivery of the agreement on October 17, 1979 constituted compliance with the notice provisions of General Statutes 31-349, and therefore disclaimed responsibility for the claimant's compensation.
The parties submitted the question to the compensation commissioner in the fourth district, who decided that there was compliance and ordered the Second Injury Fund to begin paying claimant's indemnity and medical expenses commencing December 13, 1979. The Second Injury Fund appealed from the commissioner's decision. The compensation review division sustained this appeal, indicating that General Statutes 31-349 required both the timely filing of notice and the timely filing of the agreement. G.E. and E.M.L.C. have appealed from the review division's decision. The principal issue in this appeal is whether the petitioners' failure to comply with the provisions of General Statutes 31-349 acts as a bar to recourse against the Second Injury Fund. *Page 744 
Section 31-349 provides in relevant part that "[a]s a condition precedent to the liability of the second injury fund, the employer or his insurance carrier must, ninety days prior to the expiration of the one-hundred-four-week period [first 104 weeks of disability], notify the custodian of the second injury fund of the pending case and shall furnish to said custodian a copy of the agreement or award together with all information purporting to support his claim as to the liability of the second injury fund, and shall make available to the custodian all medical reports as the custodian shall desire." (Emphasis added.) Our Supreme Court has interpreted the nearly identical predecessor to this section to mean that for the employer to avail himself of the statute and transfer responsibility to the second injury fund, "the employer would be obliged to give the custodian of the second injury fund notice of the pending action, a copy of the agreement or award, and furnish the custodian with medical reports" 90 days prior to the expiration of the 104 week period. Plesz v. United Technologies Corporation, 174 Conn. 181, 187, 384 A.2d 363
(1978).[2] *Page 745 
As the court noted, the object of the ninety-day statutory notice period is to enable the fund to assess its alleged liability quickly and thereby immediately establish its financial reserves, with a further objective being to give the fund reasonable time to investigate the claim and prepare to meet it. In order to achieve these goals, the fund must be apprised without delay that such a claim is being made, it must obtain a copy of the agreement or award, and it must have immediate access to all medical reports. Id., 188.
In the present case, the plaintiffs disability began on December 14, 1977. The ninetieth day prior to the expiration of the 104-week period was reached on September 13, 1979. For the employer or its insurance carrier to avail itself of the provisions of General Statutes 31-349, it was obliged to give the custodian of the Second Injury Fund notice of the pending action and a copy of the agreement or award by September 13, 1979. The review division found that the defendants failed to comply with these statutory provisions. We conclude that the division did not err in sustaining the appeal of the Second Injury and Compensation Assurance Fund.
 There is no error.
In this opinion BIELUCH and FLANAGAN, Js., concurred.